UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


UNITED STATES OF AMERICA,                    COA #: 14-1572
            PLAINTIFF-APPELLEE


VS


TIMOTHY IVORY CARPENTER
            DEFENDANT-APPELLANT

| AUSA Daniel Hurley | Harold Gurewitz (P14468) |
|---|---|
| U.S. Attorneys Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1400 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9698 | (313) 628-4733 |


PETITION FOR PANEL REHEARING ON REMAND


INTRODUCTION


Defendant-Appellant Timothy Ivory Carpenter respectfully seeks panel

rehearing pursuant to FRAppP 40 to correct two independent errors of law in this

case. First, the Panel erred in applying the good-faith exception to the exclusionary

rule, because it was not reasonable for the prosecutor in this case to opt to bypass the

warrant procedure in the Stored Communications Act, 18 USC §2703(c)(1)(A), and

instead seek Mr. Carpenter's highly sensitive cell phone location data using a mere

"reasonable grounds" court order under §2703(c)(1)(B). The deterrence rationale of

the good-faith exception fully applies in this situation, and calls for either exclusion

of the evidence by this Court, or a remand to the district court to hold an evidentiary

hearing.

And second, a decision from the Supreme Court issued after this Court's initial 2016 opinion in this case, *see Dean v. United States*, 137 S Ct 1170 (2017), establishes that the district court erred when it imposed a sentence for the Hobbs Act robbery counts that did not take into account the extraordinarily lengthy mandatory minimum sentence for the corresponding firearm counts under 18 USC §924(c). Because *Dean* is retroactive to cases pending on direct appeal, this Court should remand for resentencing by the District Court. (Because the Panel issued its June 11, 2019 opinion without seeking additional briefing from the parties following remand from the Supreme Court, this petition is the first opportunity for Defendant to raise this ground for remand). Importantly, at resentencing, Congress's clarification of the application of the §924(c) mandatory minimums set out in the First Step Act of 2018, Pub. L. No. 115-391, will apply. Indeed, even if *Dean* did not require remand for resentencing, remand would be independently required under the terms of the First Step Act itself.

## **ARGUMENT**

**I.    This Court Should Withdraw Its June 11, 2019 Opinion, Reverse The District Court Order Denying Carpenter's Motion To Suppress Long Term CSLI Because A Good-faith Exception Does Not Apply In This Case, Or In The Alternative, Remand For An Evidentiary Hearing.**

This Court's holding applying the good-faith exception in *Illinois v. Krull*, 480

US 340, 352 (1987), and affirming the District Court order denying suppression of Carpenter's long-term Cell Site Location Information (CSLI), neither follows from the holding in *Krull* nor from the decision of the Supreme Court in *Carpenter v. United States*, 138 S Ct 2206 (2018)(*Carpenter II*). ("That *Carpenter II* did not invalidate §2703(d) whole cloth does not meaningfully distinguish this case from *Krull.* What matters is whether it was objectively reasonable for the officers to rely on the statute at the time of the search.") See, Opinion Affirming District Court, 6/11/19, at 6-7. This Court's holding should be corrected because the good-faith rule in *Krull* does not apply here. *Krull* does not apply because it was not  "objectively reasonable" for the Government to choose to use reasonable grounds applications under §2703(c)(1)(B) to seize over 127 days of Carpenter's CSLI when the preceding section of the same statute, §2703(c)(1)(A), provides for a probable cause search warrant. In 2011, when reasonable grounds applications were presented to the court in this case, numerous courts had clearly applied §2703(c)(1)(A) and required search warrants for the Government to seize long-term CSLI. It was then not "objectively reasonable" for the Government applicant here to choose otherwise.

### A.     *Illinois v. Krull*

In *Illinois v. Krull*, 480 US 340 (1987), the Supreme Court held, adapting its good-faith rule in *United States v. Leon,*  468 US 897 (1984), that the good-faith rule

should extend to evidence seized by officers acting in objectively reasonable reliance on a statute subsequently found to be unconstitutional. The stated rationale is that there is nothing to deter by suppression in that circumstance if "an officer cannot be expected to question the judgment of the legislature." *Krull*, 480 US at 350. Where an officer's reliance on a statute is "objectively reasonable," *Id*. at 358, the good-faith exception will apply.

### B.    Good-faith and *Carpenter II*

The Supreme Court emphasized in *Krull* as it had in *Leon*, 468 US at 906, and *Davis v. United States*, 564 US at 237, that the purpose of the exclusionary rule is to deter future unlawful police conduct. Therefore, exclusion where an officer was not chargeable with knowledge that the statute on which he relied for an administrative inspection was unconstitutional, was not objectively reasonable. 480 US at 349. Of course, that is not the case here. The Supreme Court did not hold the SCA unconstitutional in *Carpenter II*. It held that an individual has a privacy interest protected by the Fourth Amendment in long-term CSLI. It follows, therefore, that a search warrant was required in this case based on *Carpenter II* and the SCA. It follows also that where the Government exhibited a "deliberate," reckless," or "grossly negligent" disregard," *Davis,* at 238, for precedent requiring a SCA search warrant by using reasonable grounds orders instead of  search warrants, the deterrent

purpose of the exclusionary rule can be most effectively advanced. *Krull*, 480 U.S. at 347, ("[t]he Court has examined whether the rules' deterrent effect will be achieved, and has weighed the likelihood of such deterrence against the costs of withholding reliable information from the truth-seeking process.").

*Carpenter II* does not fit within the *Krull* good-faith paradigm for a number of substantial reasons. First among those is the unique statutory structure of the SCA. It authorizes two separate mechanisms by which the Government can obtain records from a service provider, either by a search warrant pursuant to §2703(c)(1)(A), or an order pursuant to § 2703(c)(1)(B). *In re U.S. For An Order Directing A Provider Of Electronic Communication Service To Disclose Records To The Gov't,* 620 F3d 304 (3rd Cir. 2010). This structure is an important part of the analysis here because the government must decide whether to apply for a search warrant or a reasonable grounds order.

This Court's June 11, 2019 Opinion, at page 3 seems to suggest the contrary, that is, it suggests that the statute does not provide authority for law enforcement to use a search warrant. ("Unlike other provisions of the SCA, the court-ordered production mechanism in §2703(d) does not require law enforcement to get a warrant before acquiring these records. *Compare* 18 USC §2703(d) *with id.* §2703(a), (c)(1)(A)."). To the extent this Court may have relied on this reading, that the SCA

does not direct an officer to consider whether to use a warrant instead of an order based on a lesser showing, it is respectfully suggested that this Court's reading is incorrect and would lead to a wrong outcome in this case. In subsections (c)(1)(A) and (c)(1)(B), the SCA specifies two distinct and alternative provisions for an officer. These two subsections are ultimately joined by the connector "or". *Id.* at §2703(c)(1)(D). The language of the statute when these two subsections are read together does not "require" the governmental entity that seeks CSLI to use an order under §2703(c)(1)(B). These subsections provide "counterpoised standards." *In re Application*, 620 F3d at 308. The statute then obviously provides for the government entity, in this case, the Assistant United States Attorney who drafted the applications, to make an informed, knowledgeable choice regarding which form of legal process to use. As the Third Circuit has explained, Congress provided the warrant procedure in §2703(c)(1)(A) in order to address situations where there is a significant privacy interest in the records sought. *Id.* at 316. *Cf. United States v. Warshak,* 631 F3d 266, 288 (6th Cir. 2010) (holding that the government should have obtained a warrant under the SCA to obtain the contents of a suspect's emails, and explaining that "to the extent that the SCA purports to permit the government to obtain such emails warrantlessly [i.e., using an order under 2703(d)], the SCA is unconstitutional"). The prosecutor in this case disregarded that guidance and chose the inappropriate means

of acquiring the CSLI records.

Further, the good-faith "objectively reasonable" standard cannot apply here because the two §2703(d) applications in the Carpenter case were prepared and submitted by an Assistant United States Attorney as the applicant, (R221-3 at Pg ID 1155; 221-4, Pg ID 1166; "Applicant is an attorney for the Government . . ."), not by a police officer. The distinction between a police officer or FBI agent as an applicant and an Assistant United States Attorney is significant. That is so here, because it must be assumed that the applicant prosecuting attorney either "had knowledge, **or may properly be charged with knowledge** that the search was unconstitutional under the Fourth Amendment." *Krull*, 480 US at 348 (emphasis added).

At a minimum, if the Court believes that the present status of the record does not sufficiently establish this, the role and the exercise of professional judgment by an experienced attorney deliberately deciding to use reasonable grounds orders instead of search warrants for long-term CSLI, a remand for an evidentiary hearing is necessary. The District Court held no evidentiary hearing on the good-faith issue before it denied the defendants' motion to suppress. The judge relied on no affidavit from the applicant or any other evidentiary support from the Government for its claim that it, as an entity or through an officer, acted in good-faith within the meaning of *Krull*, *Davis* or *Leon*. Thus, the lack of any factual support, apart from

-7-

the applications themselves, is evident in the District Court Opinion denying suppression that only mentions good-faith as a basis for its decision to deny suppression in a two sentence footnote. (R227, Opinion, 12/6/13 at 1216, fn.1).

In order to examine whether the conduct of a ¬police officer was "objectively reasonable" for purposes of a good-faith rule, the opinions in *Leon*, *Krull*, or *Davis* look to whether an   officer acted with "deliberate," "reckless" or "grossly negligent" disregard for Fourth Amendment rights, *Davis* at 238. ("Deliberate" is defined to mean: "intentional, premeditated; fully considered.") Blacks Law Dictionary, 438 (7th ed. 1999). When  applying these standards here, it is necessary to look not just to the fact that the § 2703(d) applicant in this case was a prosecuting attorney, but also to the case law concerning privacy and the SCA he was "chargeable" with knowledge of, including numerous federal court decisions that had required search warrants pursuant to §2703(c)(1)(A) in order for the government to seize long-term CSLI. These include: *In re Application of the U.S. for an Order Directing a Provider of Elec. Commc'n Serv. To Disclose Records to the Gov't*, 534 F Supp 2d 585 (WD Pa. 2008)(Every magistrate judge in the Western District of Pennsylvania signs onto an opinion requiring warrants for historical CSLI); In re Application of U.S. for order: (1) Authorizing Use of a Pen Register & Trap & Trace Device, (2) Authorizing Release of Subscriber & Other Info. (3)Authorizing Disclosure of Location-Based

Servs., 727 F Supp 2d 571 (WD Texas, 2010)(warrant required for historical CSLI); *Maynard v. United States*, 615 F3d 544, 562 (DC Cir. 2010), affir'd *sub nom United States v. Jones* 132 S Ct 949 (2012)(recognizing Fourth Amendment privacy in long-term electronic location surveillance); *In re Application of U.S. For an Order Authorizing Release of Historical Cell-Site Information*, 736 F Supp 2d 578 (ED NY, 2010)(warrant required for historical CSLI); *In re Application for an Order Directing a Provider of Electronic Communication Service to Disclose Records to Government*, 620 F3d 304 (3rd Cir. 2010)(third-party doctrine does not bar application of a warrant standard to historical CSLI, and holding that a magistrate judge has discretion to require warrants where privacy concerns are sufficiently weighty); and, *United States v. Warshak*, 631 F3d 266, 282-92 (6th Cir. 2010)(court order provision of SCA cannot be constitutionally applied to email contents because of strong expectation of privacy in those records). On this record it cannot be concluded that the Government attorney applicant attorney did not act with "deliberate" disregard for Timothy Carpenter's Fourth Amendment rights.

**II.**   **This Court Should Remand for Resentencing Because of Changes Made in Controlling Law Concerning Mandatory Minimum Sentencing While Carpenter' S Case Has Been on Direct Appeal.**

    **A.**   ***Dean v. United States*, 137 S Ct 1170 (2017), Authorizing The Sentencing Court To Consider The Length Of Mandatory Sentences When Imposing A Sentence For Predicate Offenses, Requires Remand For Resentencing In This Case.**

Timothy Carpenter was sentenced on April 16, 2014 to a custodial term of 1395 months or 116 years and three months. His total custodial sentence is made up of 1260 months for five counts of violating 18 USC §924(c), 60 months for one count and 300 months for each of the others, all to run consecutive to each other, and 135 months for six counts for Hobbs Act robbery (18 USC §1951). The 1260 month firearm term is also to run consecutive to the 135 month term for the robbery convictions. (R301: Judgment, 4/28/14).

Carpenter argued to the district court that it should reduce his sentence for the Hobbs Act counts in light of the severity of the stacked mandatory minimums for the firearm counts. (R298: Defendant Timothy Carpenter's Sentencing Memorandum, Pg ID 1582-83); (R298, Pg ID 1579). The Court rejected each of those. ("I just don't see a justification, any reason why I should vary in this case.") (R336: TR 4/16/14, Sentencing, Pg ID 3349). However, at the time of his sentencing, the law of this Circuit prohibited the sentencing court from otherwise fashioning a variance from the predicate offense guidelines based on the length of a mandatory minimum term to be imposed on the same indictment. *United States v. Franklin*, 499 F.3d 578, 583-586 (6th Cir. 2007).

Carpenter again challenged the length of his sentence on direct appeal to this Court. (Doc. 25: Appellant's Brief on Appeal, pp. 55-64). This Court also rejected

those arguments. (Doc. 61-2: Opinion, p. 14).

Carpenter then filed a Petition for Writ of Certiorari on September 26, 2016 raising his claim that the Government violated his Fourth Amendment privacy protection when it obtained his long term (CSLI) without a search warrant. Certiorari was granted on June 5, 2017, and on June 22, 2018, the Supreme Court issued its Opinion reversing on this ground. 138 S Ct 2206 (2018).

After this Court issued its initial decision in *Carpenter I*, and while Carpenter's case was pending on direct appeal, the Supreme Court, in *United States v. Dean*, 137 S Ct 1170 (2017), held that:

> Nothing in §924(c) restricts the authority conferred on sentencing courts by §3553(a) and the related provisions to consider a sentence imposed under §924(c) when calculating a just sentence for the predicate count.

*Id.* at 1176-77.

In *Dean,* just as in Carpenter's case, the defendant was convicted of multiple crimes related to robberies including possession of a firearm in furtherance of a crime of violence in violation of 18 USC §§924(c). At Dean's sentencing, also like Carpenter's case, the district court rejected Dean's argument that it "consider his lengthy mandatory minimum sentences when calculating  the sentences for his other counts." *Id*. at 1175. The Supreme Court in *Dean*, however, explained that there is nothing in §924(c)(1)(D)(ii) that prevents the sentencing court from doing just what

Dean - and Carpenter - requested at sentencing, reducing the sentence guidelines for the predicate Hobbs Act robbery convictions because of the defendant's lengthy and mandatory firearms sentences. "Nothing in that language prevents a district court from imposing a 30-year mandatory minimum sentence under §924(c) and a one-day sentence for the predicate violence or drug trafficking crime, provided those terms run one after the other." *Dean*, 137 S Ct at 1177.

The law in this circuit at the time of Carpenter's sentence prohibited the sentencing court from considering the mandatory punishment for violating 18 USC §924(c) when simultaneously imposing a sentence for a predicate felony. *Franklin*, 499 F3d at 186 ("The sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the §924(c) sentence."). That rule, however, was abrogated by *Dean*. *United States v. Person*, 714 Fed Appx 547, 552 (6th Cir. 2017)("While Person's appeal was pending, however, the Supreme Court decided *Dean*, abrogating the *Franklin* rule. Under *Dean*, a sentencing court can consider a defendant's §924(c) sentence when calculating any remaining sentences. *Id* at 1175-78").

This Court since *Dean* has consistently followed *Dean* to remand for resentencing where a sentencing court followed the rule in *Franklin* at sentencing prior to *Dean* to reject consideration of a mandatory §924(c) sentence when

imposing a sentence on a related predicate offense. ("In light of *Dean*, we remand for resentencing.") *Person*, *supra*; *United States v. Robinson*, 708 Fed Appx 272, 274-75 (6th Cir, 2017)(same); *United States v. Henry*, 722 Fed Appx  496, 500 (6th Cir, 2018)(same); *United States v. Williams*, 737 Fed Appx 235, 241-243 (6th Cir, 2018)(rejecting the Government's argument that the "Defendant was required to make this specific objection at sentencing even if binding circuit precedent would have made such a request futile," *Id.* at 241, and remanding for resentencing). The same result is required here, that this Court remand Defendant's case to the district court for resentencing so that it can properly take into account mandatory §924(c) sentences when applying §3553(a) factors to determine Carpenter's sentence for predicate Hobbs Act robberies.

**B.      Remand For Re-sentencing Should Also Be Ordered To Permit The District Court To Apply The Punishment-Reducing Amendments Set Forth in Section 403 of the First Step Act, Pub. L. No.  115-391, Title IV, § 403.**

Congress enacted the First Step Act of 2018, Pub. L. No. 115-391 (FSA), while Timothy Carpenter's case has been on direct appeal. Section 403 of the FSA amends the harsh 25-year mandatory consecutive minimums for a first violation of §924(c). It clarifies that these 25-year mandatory minimums apply only for a "violation of this subsection that occurs after a prior conviction under this subsection has become final." *See* 18 USC §924(c)(1)(C), as amended. Under the now-

abrogated interpretation of §924(c) under which Mr. Carpenter was sentenced in 2013, 105 years custody was required for convictions on five counts for violating §924(c). As clarified by the FSA, Mr. Carpenter is now subject to a mandatory minimum term of just 25 years.

The FSA amendment to §924(c) in Section 403 applies retrospectively to past conduct like Carpenter's in this case. ("the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment [December 21, 2018].") The FSA amendment requires remand for resentencing.[1]

Applying the FSA to a non-final criminal case on direct review at the time of enactment is consistent with (1) clear authority applying favorable changes to penal laws retroactively to cases pending on appeal at the time of amendment; (2) the text and remedial purpose of the Act; and (3) the precedent of this Court. To the extent the Act is ambiguous, the rule of lenity requires the ambiguity to be resolved in the defendant's favor. *United States v. Santos*, 553 US 507, 514 (2008).[2]

---

[1] If this Court remands for resentencing pursuant to the Supreme Court's decision in *Dean*, *see supra* Part II. A, the FSA will apply when the district court resentences Defendant. Resentencing pursuant to *Dean* would thus make it unnecessary for this Court to address whether the FSA, on its own terms, requires remand for resentencing.

[2] Since enactment of the FSA, the Supreme Court has vacated judgments and remanded at least two other cases presenting much the same issue as *Carpenter* for

It is a basic principle applicable here that a court is to apply the law in effect at the time it renders its decision "unless doing so would result in manifest injustice" or there is "clear legislative direction to the contrary." *Bradley v. School Board of City of Richmond,* 416 US 696, 711 (1974). Section 403(b) entitled "Applicability to Pending Cases," specifically explains that it is to have retroactive effect. It provides that "the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act."

Retroactive application of the FSA for Carpenter at resentencing on remand is also consistent with this Court's approach that does not equate "imposition" of sentence with the pronouncement of sentence by the district court. That is because this Court has held that a sentence is not "imposed" until direct appeals have been exhausted. *United States v. Clark*, 110 F3d 15, 17 (6th Cir. 1997)("A case is not yet final when it is pending on appeal. That is, the initial sentence has not been finally "imposed" within the meaning of the safety valve statute because it is the function of the appellate court to make it final after review or see that the sentence is changed if in error.") *Id* at 18. The question before this Court in *Clark* concerned applicability of the new safety valve statute, 18 USC §3553(f), to cases pending on appeal at the time of enactment. This Court held that applying it to cases pending on appeal at its

---

consideration of the FSA; *Wheeler v. United States*, 18-7187, June 3, 2019; and, *Richardson v. United States*, 18-7036, 6/17/19.

enactment was consistent with its remedial intent. *Id* at 17. That rule is also consistent with the general rule that a sentence is not finally imposed until "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffifth v. Kentucky*, 479 US 314, 321 at n. 6 (1987). Thus, because Mr. Carpenter's sentence is not "imposed" until direct appeals have concluded, the First Step Act's command that its provisions apply "if a sentence for the offense has not been imposed as of [the] date of enactment" is no bar to remand for application of the Act.

**C.    This Court May Also Remand for Resentencing For Reasons That Are Just Pursuant to 28 USC §2106.**

In 18 USC §2106, Congress has provided appellate courts with the power to vacate and remand "as may be just under the circumstances." Here, even if remand for resentencing were not required by *Dean* and by the FSA, this Court would be right to remand in the interest of justice in order to allow the district court to impose a new sentence consistent with the FSA. As recognized by Congress in enacting the FSA, the prior interpretation of §924(c) led to grossly overlong sentences, like the 105-year sentence in this case. Remanding for application of the FSA is "just under the circumstances," and soundly within the power of this Court.

## CONCLUSION

It is requested that this Court withdraw its June 11, 2019 Opinion and reverse the district court's order denying suppression of Carpenter's long-term CSLI or, in the alternative, remand for an evidentiary hearing; and, that it remand to the district court for resentencing.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

By:   s/Harold Gurewitz
       333 W. Fort Street, Suite 1400
       Detroit, MI 48226
       (313) 628-4733
       Email:  hgurewitz@grplc.com

Date:July 8, 2019       Attorney Bar Number: P14468

## CERTIFICATE OF COMPLIANCE

Appellant Carpenter certifies that his Petition for Rehearing contains 3,880 words and complies with FRAP 32(7)(B)(I).  The type face is 14 point Times New Roman.

s/Harold Gurewitz

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

s/Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grplc.com